IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


| JUAN HERMOSILLO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. C-11-306 |
| | § | |
| MRS. HUDSON, ET AL., | § | |
| Defendants. | § | |


MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR APPOINTMENT OF COUNSEL


Plaintiff is an inmate previously assigned to the McConnell Unit of TDCJ-CID.  He

alleges in this lawsuit filed pursuant to 42 U.S.C. § 1983 that certain defendants were

deliberately indifferent to his serious medical needs (D.E. 1).Pending is plaintiff's motion

for appointment of counsel (D.E. 3).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of

access to the courts requires that the access be meaningful; that is, prison officials must

provide pro se litigants with writing materials, access to the law library, or other forms of

legal assistance.  Bounds v. Smith, 430 U.S. 817, 829 (1977).  There is, however, no

constitutional right to appointment of counsel in civil rights cases.  Akasike v. Fitzpatrick,

26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).

Further, Bounds did not create  a "free-standing right to a law library or legal assistance."

Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff's pleadings demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims.  He appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of this factor is premature.  The case is not even scheduled for initial screening pursuant to 28 U.S.C. § 1915A until November 17, 2011.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel.  In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 3) is

2

denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case

proceeds.

ORDERED this 7th day of October, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE